**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**HEATHER HALL,**

        **Plaintiff,**

                                         **CASE NO.:**

**vs.**

**ELI LILLY AND COMPANY, a Foreign**
**Profit Corporation,**

        **Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff HEATHER HALL ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant ELI LILLY AND COMPANY, a Foreign Profit Corporation ("Defendant"), and states as follows:

## INTRODUCTION

1.     Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs.

2.     Plaintiff also brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 *et seq.* ("ADEA") and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq* ("FCRA"). Plaintiff is seeking damages including back pay, front pay, liquidated damages, punitive damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and

any other relief to which the Plaintiff is entitled including, but not limited to, equitable relief.

3.      Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of her age, sex and her exercise of her rights under the FMLA.

4.      Plaintiff was wrongfully terminated as the culmination of discrimination and retaliation against her.

## JURISDICTION

5.      The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

6.      Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving the ADEA.  An express grant of federal court jurisdiction over this federal claims is found in the ADEA 29 U.S.C. §626.  Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

7.      This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Duval County, Florida.

8.      Plaintiff is protected by Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq.

9.      Plaintiff is protected by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 *et seq.*

10.     Plaintiff is protected by the Florida Civil Rights Act, as amended, Fla. Stat. § 760.01 *et seq.*

11.     Plaintiff timely filed her Charge of Discrimination with the U.S. Equal Employment

Opportunity Commission ("EEOC"), alleging age discrimination and retaliation.

12.     Plaintiff received her Notice of right to sue on Charge No. 510-2020-00069 dated February 26, 2020.

13.     Plaintiff filed this Complaint within 90 days of receiving her Notice of right to sue.

14.     Plaintiff's claims are therefore timely filed.

## PARTIES

15.     Plaintiff worked for Defendant as a pharmaceutical sales representative from on or about August 2016, until her termination on or about December 2018.

16.     At all times material to this action, Defendant, was and continues to be a Foreign For-Profit Corporation.

17.     Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, doing business in, among other counties, in Duval County, Florida.

18.     Throughout her employment with Defendant, Plaintiff primarily worked in Defendant's territory located in and around Duval County, Florida.

19.     At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FCRA, FMLA and ADEA.

20.     At all times material to this action, Defendant was, and continues to be, "employer" within the meaning of the FCRA, FMLA and ADEA.

21.     Defendant is an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

22.     At all times relevant hereto, Plaintiff worked in the Jacksonville area where Defendant employed 50 or more employees within 75 miles.

23.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise her rights to FMLA leave.

24.     Defendant is also an employer as defined by ADEA, as it employed over 15 employees for over twenty calendar weeks in each year relevant to this action.

25.     Defendant is also an employer as defined by the FCRA, as it employed over 15 employees for over twenty calendar weeks in each year relevant to this action.

## GENERAL ALLEGATIONS

26.     Plaintiff was hired by Defendant as a Sales Representative on or about August 2016.

27.     Defendant claims that it is a worldwide leader in cutting-edge pharmaceutical drugs.

28.     While employed by Defendant Plaintiff developed relationships with customer accounts, managed territories, and generated sales by visiting, meeting and calling physicians in her area to educate them regarding Defendant's products and provide such physicians with samples.

29.     Throughout her employment Plaintiff always met or exceeded Defendant's performance expectations.

30.     On or around January of 2018, Plaintiff was placed under the management of Marty Knowles.

31.     In addition, around January of 2017, Defendant hired a new Chief Executive Officer ("CEO"), David Ricks.

32.     Immediately upon his arrival, Mr. Ricks began to publicly stress the fact that he wanted to increase the percentage of "millennial sales representatives to 40% of the overall sales force by 2020."

33.     Upon information and belief, shortly after Mr. Ricks' public statements, Defendant began engaging in a pattern and/or practice of refusing to interview or hire sales representatives who were over the age of 40, gave preferential hiring/interview status only to new graduates out of college and created a group called "ECP" which stands for Early Career Professionals to cater to and support younger sales representatives.

34.     No such professional groups or support groups were ever offered to sales representatives who were older, more senior or had many years of service with Defendant.

35.     In addition, in the months and years following Mr. Ricks' initial announcement of Defendant's plan to increase the percentage of millennial sales representatives, multiple members of Defendant's leadership team would routinely boast to all of Defendant's sales representatives on company-wide "town hall meeting" conference calls about the fact that Defendant was successful in rapidly increasing the percentage of "millennial sales representatives."

36.     Indeed, one of the sales representative managers in Florida stated during one of the company-wide town hall conference calls "let's face it guys we're just too old."

37.     Upon information and belief, Defendant began to systematically terminate older employees to accomplish the company's new vision.

38.     After Mr. Knowles came onboard, Plaintiff was consistently targeted by Mr. Knowles for termination as he wrote her up for things that younger and/or male employees did, but were not written up for.

39.     Plaintiff complained to HR regarding the unfair and discriminatory treatment coming from Mr. Knowles with no avail.

40.     Shortly after Plaintiff reported such behavior to HR, she had to take FMLA leave from August 2018 until around the end of August 2018 and/or early September 2018 for approximately three to four weeks.

41.     Upon Plaintiff's return from FMLA leave, Mr. Knowles immediately retaliated against Plaintiff for taking FMLA leave and for reporting his discriminatory behavior by placing her on a performance improvement plan in September of 2018 and then on probation which had the effect of eliminating Plaintiff's ability to earn any bonuses for the remainder of 2018.

42.     The daily harassment and documentation of Mr. Knowles became excessive which caused Plaintiff to have extreme anxiety.  In addition, taking away Ms. Hall's ability to earn bonuses greatly limited her potential earning capacity.

43.     Therefore, after already suffering multiple adverse actions, Plaintiff was left with no choice, but to resign from her employment on or around December 15, 2018.

44.     Upon information and belief, other similarly-situated younger and/or male sales representatives had worse sales performance than Plaintiff, but were not placed on performance improvement plans and/or probation and/or were awarded bonuses and/or remained eligible to earn bonuses.

45.     Upon information and belief, other similarly-situated younger and/or male sales representatives were not disciplined by Defendant, nor were they terminated for similar things.   In fact, they were provided with more opportunities for advancement within the company.

## COUNT I – RETALIATION UNDER THE FMLA

46.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–45 above.

47.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

48.     Defendant was Plaintiff's employer as defined by the FMLA.

49.     Defendant discriminated and/or retaliated against Plaintiff because she exercised her rights under the FMLA.   Specifically, Plaintiff applied for FMLA leave and immediately began suffering adverse employment actions/retaliation as soon as she returned.   Ultimately, this culminated in her constructive discharge.

50.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

51.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

52.     Defendant's discriminatory/retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

53.     Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

54.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited

to lost wages and benefits, liquidated damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

55.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

56.    Defendant's violations of the FMLA were willful.

57.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

58.    Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE Plaintiff, HEATHER HALL, demands judgment against Defendant for back pay, front pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA

59.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–45 above.

60.    Plaintiff is a member of a protected class because Plaintiff is over forty years old.

61.    At all relevant times throughout her employment, Plaintiff was qualified for the position she held with Defendant.

62.    After Plaintiff's termination, Plaintiff was replaced by a younger employee(s).

63.    Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the ADEA.

64.      Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on her age.

65.      The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, HEATHER HALL, demands judgment against Defendant for back pay, an equal amount as liquidated damages, front pay, other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III – DISCRIMINATION BASED ON AGE IN VIOLATION OF THE FCRA

66.      Plaintiff re-alleges and adopts paragraph 1 – 45 as though set forth fully herein.

67.      Plaintiff is a member of protected class because she is over forty years of age.

68.      At all relevant times, Plaintiff was qualified for the position she held with Defendant.

69.      After Plaintiff's termination, Plaintiff was replaced by a younger employee.

70.      Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the FCRA.

71.      Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on her age.

72.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, HEATHER HALL, demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages and other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV - DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

73.     Plaintiff re-alleges and adopts paragraph 1 – 45 as though set forth fully herein.

74.     Plaintiff is a member of a protected class due to her sex (female).

75.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her sex in violation of Title VII.

76.     Defendant knew or should have known of the discrimination.

77.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, HEATHER HALL, demands judgment against Defendant for

back pay, front pay, compensatory damages, punitive damages and other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT V - DISCRIMINATION BASED ON SEX IN VIOLATION OF THE FCRA**

78.     Plaintiff re-alleges and adopts paragraph 1– 45 as though set forth fully herein.

79.     Plaintiff is a member of a protected class due to her sex.

80.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her sex in violation of the FCRA.

81.     Defendant knew or should have known of the discrimination.

82.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE Plaintiff, HEATHER HALL, demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages and other monetary damages such as loss of pension and retirement benefits, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: May 22, 2020

Respectfully submitted by,

**/s/ Gregory R. Schmitz**
GREGORY R. SCHMITZ, ESQ.
Florida Bar No.:  0094694
20 North Orange Avenue, 15th Floor
Orlando, Florida 32801
Telephone:  (407) 204-2170
Facsimile:  (407) 245-3401
E-mail: gschmitz@forthepeople.com
          mbarreiro@forthepeople.com
***Attorney for Plaintiff***